United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BOUKARY FOFANA,<br><br>Defendant. | Case No.  25-mj-71344-MAG-1 (VKD)<br><br>**DETENTION ORDER** |

The United States moved for detention of defendant Boukary Fofana.  The Court held a hearing on the government's motion on December 4, 2025.  Mr. Fofana was present at the hearing and represented by counsel.  For the reasons stated on the record during the hearing and as set forth below, the Court finds that there are no conditions, or combination of conditions, of release that would reasonably assure the safety of other persons and the community.  The Court therefore orders Mr. Fofana detained pending trial.

**I.     BACKGROUND**

As set forth in the complaint, the government charges that Mr. Fofana violated 18 U.S.C. §§ 111(a) and (b) by assaulting an employee of the United States Postal Service ("USPS") with the use of a deadly or dangerous weapon.  Dkt. No. 1 ¶¶ 1, 7, 14.  Mr. Fofana is presumed innocent of these charges.  *See* 18 U.S.C. § 3142(j).

Pretrial Services prepared a report, which was shared with the Court and counsel for the parties. Dkt. No. 14. The Court adopts the facts set forth in the Pretrial Services report, except for the narrative describing the circumstances of the juvenile arrest record identified at pages 4-5 of the report.  Both parties presented arguments and evidence by proffer through counsel at the

1    hearing, which was conducted in public.

2    **II.    LEGAL STANDARDS**

3    On a motion for pretrial detention, the government bears the burden to show by clear and

4    convincing evidence that no condition or combination of conditions of release will reasonably

5    assure the safety of other persons or the community.  18 U.S.C. § 3142(f)(2).  Conversely, the

6    government bears the burden to show by a preponderance of the evidence that no condition or

7    combination of conditions of release will reasonably assure the defendant's appearance.  *United*

8    *States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

9    In evaluating whether pretrial release is appropriate, the Court must consider (1) the nature

10   and circumstances of the offense charged, (2) the weight of the evidence against the defendant,

11   (3) the defendant's history and characteristics (including his character, physical and mental

12   condition, family ties, employment, financial resources, length of residence in the community,

13   community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and

14   record concerning appearance at court proceedings), and (4) the nature and seriousness of the

15   danger to any person or the community that would be posed by the defendant's release.  18 U.S.C.

16   § 3142(g).

17   **III.    DISCUSSION**

18   **A.    Nature and Circumstances of the Offense**

19   According to the complaint, in the morning of November 8, 2025, Mr. Fofana, who was

20   then employed as a USPS letter carrier, walked into the employee area of a United States Post

21   Office in Marina, California.  Dkt. No. 1 ¶ 7.  He called out the name of a specific USPS

22   supervisor, who was at that time on duty and sitting at a desk in the employee area.  *Id.*  Mr.

23   Fofana then fired two rounds at the ceiling using a pistol.  *Id.*  After firing the shots, Mr. Fofana

24   ran out of the building and fled in a pickup truck.  *Id*.  Mr. Fofana was later arrested at his

25   residence by local law enforcement without incident.  *Id.* ¶ 8.

26   If convicted, Mr. Fofana faces a maximum prison term of 20 years for the offense charged

27   in the complaint.  Dkt. No. 1-1.

28

*(left margin, rotated)* United States District Court  Northern District of California

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.      Weight of the Evidence**

The weight of the evidence is difficult to assess at this stage of the case.  The government proffers that multiple witnesses observed the conduct described in the complaint, are prepared to testify to the facts alleged, and are further prepared to testify that they felt threatened and feared for their safety.  However, the Court observes that the weight of the evidence is the least important consideration.  *Motamedi*, 767 F.2d at 1408.

**C.      Personal Characteristics of the Defendant**

Mr. Fofana is only 22 years old.  He has lived in Prunedale, California for the past 10 years and elsewhere in California for most of his life.  Mr. Fofana graduated from high school and attended some college.  At the time of his arrest, Mr. Fofana had been employed with the USPS since October 2023.

Mr. Fofana acknowledged that he uses marijuana approximately twice per month but otherwise denies a history of substance abuse.  He also has no physical health issues and no mental health diagnoses.  However, Mr. Fofana proffered that he and his mother suffered from domestic abuse at the hands of his father, and he has never been assessed or treated for harm to his mental health that may have been caused by such abuse.

Mr. Fofana has no adult criminal history.  The pre-bail report indicates a juvenile arrest, but the records pertaining to that arrest are sealed and the Court does not consider them.

Mr. Fofana's mother, with whom he resides, is willing to co-sign a bond and post her property as security, if necessary, to secure Mr. Fofana's release.  Mr. Fofana's mother, who is retired, is also willing to serve as his custodian.

The Court has received and reviewed two letters, one from Mr. Fofana's pastor and the other from his neighbor, attesting to Mr. Fofana's good character.

These circumstances generally favor release.

**D.      Nature and Seriousness of the Danger to Others Posed by Defendant's Release**

In addition to the conduct charged in the complaint, the government emphasizes that when Mr. Fofana's residence was searched on the date of the incident, law enforcement found two handguns and one semi-automatic rifle, as well as ammunition, in the residence he shared with his

3

1    motion.  *See* Dkt. No. 1 ¶ 11; Dkt. No. 14 at 5.  All of these weapons were registered to Mr.

2    Fofana.  Dkt. No. 1 ¶ 12; Dkt. No. 14 at 5.  Some of the weapons and ammunition were found in

3    parts of the house principally occupied by Mr. Fofana, while some were found in parts of the

4    house principally occupied by his mother.  Dkt. No. 1 ¶ 11.  The government proffered that Mr.

5    Fofana had a concealed carry permit.  Mr. Fofana proffered that all of the weapons have since

6    been removed from his residence, and that he has already consented to a state court order

7    preventing him from having firearms.

8            **E.        Consideration of Conditions of Release**

9            The Bail Reform Act of 1984 favors pretrial release, not detention.  Accordingly, the Court

10   has carefully considered whether there are any conditions of release that will reasonably assure the

11   safety of others and the community and Mr. Fofana's appearance as required.  Mr. Fofana has

12   proposed very restrictive conditions of release including:  (1) custodial supervision by his mother,

13   (2) an unsecured bond in the amount of $25,000[1], (3) home detention, and (4) location monitoring.

14           With respect to the risk of non-appearance, the Court is persuaded that the combination of

15   conditions Mr. Fofana has proposed would reasonably assure his appearance for Court as required,

16   and finds that the government has not shown by a preponderance of the evidence that they would

17   not.

18           The question of whether the proposed conditions (or any others) will reasonably assure the

19   safety of others and the community is a much closer call.  Here, the government bears the burden

20   to show by clear and convincing evidence that no condition or combination of conditions of

21   release will reasonably assure the safety of other persons or the community.  The nature and

22   circumstances of the charged offense as alleged in the complaint are extremely serious.  Mr.

23   Fofana is not alleged to have merely fired a pistol at the ceiling in an unoccupied building; rather,

24   he is alleged to have carried his weapon into a federal workplace occupied by employees

25   performing their duties, and then to have fired his weapon at the ceiling immediately after calling

26   out the name of one of the employees, a supervisor.  The behavior alleged is violent, threatening,

27

28   [1] The pre-bail report indicates that Mr. Fofana's mother may be willing to post property to secure
     his release.  Dkt. No. 14 at 2.

United States District Court
Northern District of California

1    and deliberate.  The fact that several firearms, including a semi-automatic rifle, and ammunition

2    were found at Mr. Fofana's residence serves to enhance the Court's concerns about Mr. Fofana's

3    access to weapons and willingness to use them.  The proposed conditions, and the circumstances

4    since Mr. Fofana's arrest (e.g., removal of the existing weapons from the home), do go some way

5    to addressing Mr. Fofana's danger to the community.  However, the Court is not persuaded that

6    even the restrictive proposed conditions summarized above are sufficient, particularly given that at

7    the time of the alleged offense, he lived in the same residence with his mother, his proposed

8    custodian, and further that the firearms and ammunition were located in multiple places within the

9    house, including in parts of the house principally occupied by Mr. Fofana's mother.

10        For these reasons, the Court finds that, based on the present record, the government has

11   carried its burden to show that no condition, or combination of conditions, of release could be

12   imposed that would reasonably assure the safety of other persons or the community.

13   **IV.    CONCLUSION**

14        Accordingly, defendant Boukary Fofana is committed to the custody of the Attorney

15   General or his designated representative for confinement in a corrections facility separate, to the

16   extent practicable, from persons awaiting or serving sentences or being held in custody pending

17   appeal.  Mr. Fofana shall be afforded a reasonable opportunity for private consultation with

18   defense counsel.  On order of a court of the United States or on the request of an attorney for the

19   government, the person in charge of the corrections facility shall deliver Mr. Fofana to the United

20   States Marshal for the purpose of appearances in connection with court proceedings.

21        **IT IS SO ORDERED.**

22   Dated: December 4, 2025

23

24                                                Virginia K. DeMarchi

25                                                Virginia K. DeMarchi
                                                  United States Magistrate Judge

26

27

28

United States District Court
Northern District of California

5